OPINION
Defendant-appellant, Katherine Detty Hughes, appeals from the March 9, 1999 order overruling her objections to the magistrate's decision of October 9, 1998. The magistrate had overruled motions filed by both parties to modify the allocation of parental rights and responsibilities. The decision further ordered that the existing shared parenting plan remain in effect without modification.
The parties were divorced on May 11, 1995. They have one son, Herbert Joseph "Joey" Detty, born December 5, 1991. The parties are currently operating under a shared parenting plan, which became effective on March 16, 1995. The agreement restricts either parent from permanently removing the minor child from the state of Ohio without the prior consent of the court or the other party.
On or about June 11, 1998, appellant informed appellee that she intended to remarry and move to Alabama. On June 29, 1998, appellee filed a motion for reallocation of parental rights and responsibilities. On July 2, 1998, appellant filed a similar motion. The parties presented evidence over three days of trial beginning on August 28, 1998. Although the exact allocation of time was disputed, the parties acknowledged that appellee had enjoyed more time with his son than was provided for in the original shared parenting plan. The original plan provides that appellee has Joey with him five out of every fourteen days. The plan also provides that Joey's school attendance is determined by appellant's residence. The plan does not, however, designate a residential parent. The plan also contains provisions recognizing certain enforceable rights of the child, particularly the "right to a continuing relationship with both parents" and the "right to be able to experience regular and consistent contact with both parents." The plan also recognizes certain rights of the parents, including participation in major decisions affecting the child, to be present during health care examinations and treatments, to have access to records and other information concerning the child, and to consult with school officials and participate in school conferences and activities, including athletics.
The magistrate found that, following the divorce, the parties did an excellent job sharing the parenting responsibilities for Joey. The parties cooperated well, and appellee had the child substantially more time than provided for under the plan while appellant attended college.
Joey is currently enrolled at Annehurst Elementary School in Westerville. He has done well in school and has exhibited no behavioral problems. Both parents have been involved in his education and related activities. Joey has friends at school and is involved in extracurricular activities and sports. Appellee remarried and he and his current wife, Shelly, are employed at the Ohio Department of Education. Appellant is also employed at the Ohio Department of Education, and her current husband, James Hughes, is a former employee of the department. Hughes moved to Montgomery, Alabama in December 1996, while he and appellant were dating. He took a position with the Alabama Department of Education. He testified that the job was a career advancement and that he was unable to locate employment in the Central Ohio area. Another important motivation for relocating was that he grew up in Alabama and his former wife and his children also reside there.
Appellant and Hughes have maintained a long-distance relationship and see each other about twice a month. They decided to marry in the fall of 1997 and decided in May of 1998 to proceed with their wedding. On or about June 11, 1998, appellant and Hughes met with appellee and Shelly and informed them of their wedding plans. They also proposed that Joey move to Alabama with appellant and that appellee be afforded liberal visitation, which necessarily included extensive travel for the child. Negotiations between the parties did not meet a resolution, and this litigation followed. Appellant and Hughes were married on July 11, 1998.
Appellant proposed that she be designated residential parent and that appellee have Joey most of the summer, most of the child's school holidays, and once-a-month visits the rest of the year. If appellant moves, she and Hughes indicated that they intend to reside in Prattsville, Alabama, near Montgomery. Joey would attend school there and the evidence showed that the school would be an appropriate one for the child. The magistrate found that Joey's current school in Westerville and the Devonshire Alternative School in Columbus where appellee lives are also appropriate for the child. During the course of the hearing, appellant sold her condominium in Westerville and was staying temporarily with her sister. Appellant testified that she then planned to stay with a friend, and in the event she were unsuccessful in being allowed to move with Joey, she planned to remain in Ohio and rent an apartment in Westerville so that Joey can remain in school there. She also stated that she would continue her long-distance relationship with her husband.
The magistrate found that both parties have many extended family members and friends in and around Central Ohio and that Joey enjoys a good relationship with his grandparents, aunts, uncles, cousins and family friends here. The child has no extended family in Alabama. Joey has visited the Montgomery, Alabama area on two occasions. While Hughes' children live relatively close by, Joey has not yet met them.
Appellee remarried in December 1996. He and Shelly enjoy a stable marriage. Shelly has a son, Brent, from a prior marriage. She has shared parenting of her son, and he frequently visits in their home. Brent and Joey have a close relationship and were characterized as being like brothers. The magistrate found that both parents enjoy a close bond with Joey and are both actively involved in his school and extracurricular activities.
The guardian ad litem recommended that there be no changes to the current shared parenting plan, but if appellant were to move to Alabama, the child should remain in Ohio with appellee. The guardian ad litem believed that the travel requirements proposed by appellant are unduly burdensome on the child. In order to visit his father regularly, Joey would have to be driven to and from Atlanta, Georgia, which is a two-hour drive from Montgomery, in addition to the flight to and from Columbus. In addition, the guardian ad litem found that the child is healthy, happy, well-adjusted, and closely bonded to his family in Columbus, and there is no reason to modify the current arrangement as long as appellant remains here.
In considering whether there should be a modification of the decree, the magistrate applied R.C. 3109.04(E)(1), which provides that the court shall not modify a prior decree allocating parental rights and responsibilities unless it finds: (1) that a change has occurred in the circumstances of the child or either parent under the shared parenting decree; (2) that the modification is necessary to serve the best interest of the child; and (3) the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
Here, the magistrate concluded, and the trial court agreed, that while there have been some changes in circumstances since the time of the divorce, there was insufficient evidence that modification of the decree was necessary to serve Joey's best interest. Additionally, the magistrate concluded that the advantages of the proposed community in Alabama do not outweigh the harm Joey is likely to suffer from the separation from his father and the other significant people and places in his life. The magistrate found that the evidence is abundantly clear that Joey is thriving under the current order. A move to Alabama with his mother would be a major disruption in his life and relationship with others, especially his father. The magistrate found that, while Joey could adjust to a move to Alabama with his mother, he would be removed from the only environment he has known. His relationship with his father would be seriously affected and he would no longer enjoy regular contact with all of the other persons who have a significant role in his life in Ohio. The magistrate also noted that the parties had freely agreed to the current plan, including the provision that neither may permanently remove the child from Franklin County without the written consent of the other parent or a court order. They also agreed to the numerous provisions, some of which have been quoted previously, regarding their commitment to their mutual rights and those of the child. The magistrate concluded that the evidence presented did not warrant a modification of the parties' shared parenting plan and that the plan continues to be in the child's best interest.
Both parties filed objections to the report and recommendation of the magistrate, and the trial court heard argument on February 26, 1999. The trial court overruled both parties' objections. The trial court appeared particularly concerned about the distance of the proposed move. The trial court expressed its concerns after comments from appellee's attorney concerning travel arrangements which, he argued, were burdensome on a child the age of Joey. The trial court also found that blocks of time in the summer and holidays did not correlate to the same value of having an ongoing daily relationship with the child. Considering the best interest of Joey, the trial court adopted the decision of the magistrate and overruled all parties' objections.
On appeal, appellant has raised the following three assignments of error:
First Assignment of Error:
 The Trial Court Erred as Matter of Law and Abused Its Discretion by Not Allowing a Residential Parent to Move with the Child to a New Residence Out of State by Applying R.C. 3109.04 Instead of 3109.051(G)(1).
 Second Assignment of Error:
 The Trial Court Erred as Matter of Law and Abused Its Discretion by Not Ruling on the Appellee's Motion for Change of Custody, and The Only Decision Available Was Dismissal.
 Third Assignment of Error:
 The Magistrate's Recital and Assessment of the Facts as Stated in the Decision are Inconsistent with the Testimony Presented.
In her first assignment of error, appellant argues that the trial court abused its discretion by not allowing her to move with the child to a new residence out of the state and by applying the best interest of the child factors contained in R.C. 3109.04
instead of the factors listed in R.C. 3109.051(G)(1).
The Supreme Court of Ohio has recognized that domestic relations courts have broad discretion in matters related to the allocation of parental rights and responsibilities and has cautioned that appellate courts must accord "the utmost respect" to this discretion. Miller v. Miller (1988), 37 Ohio St.3d 71,74. In Miller, the Supreme Court of Ohio noted that "[t]he knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." Id. citing Trickey v.Trickey (1952), 158 Ohio St. 9, 13. Thus, the Supreme Court indicated that "the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct." Id. citing Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. Therefore, a trial court's decision regarding the allocation of parental rights and responsibilities will not be reversed on appeal absent an abuse of discretion. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 218. Additionally, the Supreme Court of Ohio has held that "[w]here an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court." Bechtol v. Bechtol (1990),49 Ohio St.3d 21, syllabus.
Appellant's first assignment of error is fundamentally flawed because it is based on the incorrect premise that appellant is the designated residential parent in this case and that appellant's motion was filed for the sole purpose of determining whether, in light of the move, the child's visitation schedule needed to be changed. Here, the parties are operating under a shared parenting agreement. In Braatz v. Braatz (1999), 85 Ohio St.3d 40, the Ohio Supreme Court held that modification of visitation rights is governed by R.C. 3109.051. However, in determining whether to modify a decree allocating parental rights and responsibilities, including a shared parenting plan, R.C.3109.04 provides the appropriate guidelines. Under R.C.3109.04(E)(1)(a), a court may not modify a prior decree allocating parental rights and responsibilities:
 * * * [U]nless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. * * *
When appellee learned that his former wife intended to relocate Joey out of the state, he filed a motion for reallocation of parental rights, seeking that he be designated Joey's residential parent. Appellant responded not with a motion to relocate and motion to modify visitation, as alleged in her brief, but with a motion to modify parental rights and responsibilities. The trial court then properly applied the law of R.C. 3109.04.
Appellant further argues that the trial court erred by applying the trial court's own personal opinion in judging the appropriateness of the relocation. Appellant quotes a portion of the transcript in which the trial court stated:
 THE COURT: Well, Mrs. Hughes, you are not the first parent to ever come before this court and want to relocate outside of the Central Ohio area.
 And I guess it would be different if you were talking about Michigan, or Indiana or Kentucky, but the reality is that you have a child with Mr. Detty, and both of you have a right to be involved in this child's life. [Tr. 16.]
The trial court's comments can be understood in the context of the recommendation of the guardian ad litem. The guardian ad litem expressed grave concerns that Joey would undergo particularly burdensome travel arrangements to allow him to visit his father in Ohio. The guardian ad litem noted:
 * * * But I think that when you talk about the transportation for Joey and you talk about a day in a kid's life — let's talk the Labor Day weekend coming up, September 4th through September 7th. He would go to school that day. Mr. Hughes tells me he goes to school at 8:00 o'clock in the morning and gets out at 3:00 o'clock in the afternoon. If his mom picked him up right at 3:00 o'clock picked him up in the car, drove right to [the] airport and got there an hour before the flight, assuming there was a flight at 6:00 o'clock, he got on the airplane, got in Columbus at 7:15, his dad picked him up right away and drove him back home, this kid would have a 12-hour day.
 He's a little boy. He's — a little boy is going to have a 12-hour day of travel. He's going to spend time with, dad he's going to do the same thing at the end of the weekend. He's going to have another 12-hour day. And September 8th we expect this kid to go to the first grade and be at the top of his game. I don't believe that's going to happen. That's not in Joey's best interests. That's what I am trying to answer, what is in Joey Detty's best interests. I don't think that all that of traveling would be to his best interests. [Tr. 430-431.]
The trial court's concerns about the long-distance relationship for Joey and his father is not an abuse of discretion. The first assignment of error is not well-taken and is overruled.
In the second assignment of error, appellant argues that the trial court abused its discretion by not ruling on appellee's
motion that he be designated residential parent. Appellant appears to argue that appellee's motion should be dismissed as he failed to establish modification was appropriate. Appellant does not appear to understand the ruling of the trial court. The effect of the trial court's ruling on March 9, 1999 was to overrule both parties' motions for reallocation of parental rights. Based on appellant's testimony that she plans to remain in Franklin County if Joey is not allowed to relocate to Alabama, appellee's motion that he be designated residential parent was rendered moot. The second assignment of error is not well-taken and is overruled.
Finally, in her third assignment of error, appellant argues that the magistrate's findings of fact are not supported by the testimony presented at the hearing before the magistrate. Specifically, appellant argues the evidence did not show: (1) that the parties cooperated well under the shared parenting plan; (2) that Joey spent "substantially more time that provided for under the plan" with appellee; and (3) that Joey was extremely bonded with his current community.
Here, there was ample evidence that, for the most part, the parties cooperated under the shared parenting agreement. While there have been differences of opinion, it is apparent that, under the shared parenting agreement, the parties have expended their best efforts to work toward Joey's best interest.
Appellant also argues that the trial court erred in finding that Joey spends substantially more time than provided for under the plan with his father. Appellant argues that appellee perjured himself in regard to the amount of quality time spent with Joey. Although the exact amount of time Joey spent with each parent is not apparent from the record, the evidence was clear that Joey spent additional time with his father while appellant attended classes to earn her radiology degree.
Third, appellant argues that the record does not support the magistrate's determination that Joey was closely tied to the Central Ohio community. Again, the record contains evidence that Joey has spent time on a regular basis with his paternal grandmother since he was an infant, that he has bonded with his stepbrother, and that he spends time with his extended family in the Central Ohio area. Based on our review of the record, we find no abuse of discretion in the findings of the magistrate. Appellant's third assignment of error is not well-taken and is overruled.
Based on the foregoing, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations is affirmed.
Judgment affirmed.
KENNEDY and TYACK, JJ., concur.